## UNITED STATES v. HOTCH.
### No. 2565–B.

District Court, D. Alaska.
First Division, Juneau.
Sept. 27, 1952.

P. J. Gilmore, Jr., U. S. Atty., Edward A. Merdes, Asst. U. S. Atty., Juneau, Alaska, for plaintiff.

William L. Paul, Jr., Juneau, Alaska, for defendant.

FOLTA, District Judge.

The defendant, a registered commercial salmon fisherman, appeals from a judgment of the Justice Court, convicting him of fishing in the waters of Taku Inlet, Alaska, during the weekly close period with commercial gear, the use of which during such period is prohibited by Sec. 102.51 of the commercial fisheries regulations of the Department of the Interior for 1952, 17 F.R. 4347.

On appeal the trial in this Court is de novo and the parties are designated as below, but since the defendant admits the acts charged, the case has been submitted on briefs. The defendant contends that the regulation is invalid because it contravenes the provision found in Sections 4 and 5 of the Act of June 6, 1924, 43 Stat. 466, commonly known as the White Act, 48 U.S.C.A. §§ 232, 234, that the regulatory power of the Secretary of the Interior shall not be exercised so as to prohibit the taking of salmon for local food requirements. The statutory provisions, so far as pertinent, are as follows:

48 U.S.C.A. § 221: "For the purpose of protecting and conserving the fisheries of the United States in all waters of Alaska the Secretary of the Interior from time to time may set apart and reserve fishing areas in any of the waters of Alaska over which the United States has jurisdiction, and within such areas may establish closed seasons during which fishing may be limited or prohibited as he may prescribe. Under this authority to limit fishing in any area so set apart and reserved the Secretary may (a) fix the size and character of nets, boats, traps, or other gear and appliances to be used therein; (b) limit the catch of fish to be taken from any area; (c) make such regulations as to time, means, methods, and extent of fishing as he may deem advisable.

48 U.S.C.A. § 223: * * * But the Secretary of the Interior through the creation of such areas and the establishment of closed seasons may further extend the restrictions and limitations imposed upon fishing by specific provisions of the above-mentioned sections or any other law. * * *"

48 U.S.C.A. § 234: "It shall be unlawful to fish for, take, or kill any salmon of any species in any manner or by any means except by hand rod, spear, or gaff for personal use and not for sale or barter, and except by hook and line for either personal or commercial use, in any of the waters of Alaska over

which the United States has jurisdiction from six o'clock post meridian of Saturday of each week until six o'clock ante meridian of the Monday following, or during such further closed time as may be declared by authority conferred by law, *but such authority shall not be exercised to prohibit the taking of fish for local food requirements or for use as dog feed. * * *"* Italics supplied.

Unquestionably the authority vested in the Secretary is exceedingly broad. Dow v. Ickes, 74 App.D.C. 319, 123 F.2d 909. In the exercise thereof the Secretary promulgated Regulation 102.51 which provides that:

"Within any regulatory area, district or section, all fishing for personal use with gill net, seine or trap shall be subject to the laws and regulations governing commercial fishing during the period starting 48 hours before the opening of a commercial season for such gear and continuing until 48 hours after its close * * *."

Since Section 234 limits the gear that may be used in taking salmon at any time for personal use to hand rod, spear or gaff and, during the weekly close period, to hook and line, the question presented is whether under the regulation quoted, the subjection of the specified gear to the provisions governing commercial fishing can be said to be such an infringement of the right to take salmon for local food requirements as to be a substantial denial thereof. The regulation does not prohibit the taking of fish for local food requirements, except with the types of gear found most effective in commercial fishing operations. Thus one may take fish for local food requirements without limit, except that when he uses a net, seine or trap during the period specified in the regulation, the operation is treated as commercial in character and dealt with accordingly. Undoubtedly this regulation will result in the virtual elimination of the use of such gear in fishing for local food requirements, but elimination is not prohibition unless all types of gear are included. The promulgation of this regulation was necessitated by the widespread use of commercial gear during the close periods ostensibly to take salmon for local food requirements but in reality for commercial purposes. Since no limit is placed by the law on the number of salmon that may be taken for local food requirements, and the term itself is not defined, enforcement officers are helpless in the face of flagrant violations of the law by resort to this subterfuge.

I am of the opinion that the regulation is a reasonable measure for conservation of salmon and that it does not prohibit the taking of salmon for local food requirements. I, therefore, find the defendant guilty.